# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **DONG HUA WANG,** | : | Case No. 1:17-cv-000008 |
| **Plaintiff,** | : | Judge Susan J. Dlott |
| v. | : | |
| YCMG BRANDS, LLC, et al., | : | |
| **Defendants.** | : | |

## DEFENDANT YCMG BRANDS, LLC'S MOTION TO DISMISS

Pursuant to Federal Rule 12(b), Defendant YCMG BRANDS, LLC ("Defendant") moves to dismiss this lawsuit in its entirety on personal jurisdiction grounds. Defendant is not subject to personal jurisdiction in this Court and, therefore, it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(2).

Pursuant to Local Rule 7.2, a Memorandum in support of this Motion is attached.

/s/ Frederic X. Shadley
Frederic ("Fritz") X. Shadley (0028584)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5014/Fax: (513) 698-5015
(513) 698-5104/Fax: (513) 698-5105
fshadley@ulmer.com
*Trial Attorney for Defendant YCMG BRANDS, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served via the Court's ECF filing system this 11th day of August, 2017.

John (Hui) Li
JHL LEGAL LLC
6195 Lakota Drive
Cincinnati, OH 45243
Telephone: 513-502-4646
jli@jhllegal.com
*Trial Attorney for Plaintiff*
*Dong Hua Wang*

                                                /s/ *Frederic X. Shadley*
                                                Trial Attorney for Defendant YCMG
                                                BRANDS, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DONG HUA WANG,** | : | Case No. 1:17-cv-000008 |
| **Plaintiff,** | : | Judge Susan J. Dlott |
| v. | : | |
| **YCMG BRANDS, LLC, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT YCMG BRANDS, LLC'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendant YCMG Brands, LLC ("Defendant"), is not subject to personal jurisdiction in this Court and, therefore, it is entitled to dismissal under Federal Rule 12(b)(2). Further, plaintiff DONG HUA WANG ("Plaintiff") has not stated a claim upon which relief can be granted with regards to its tort claims in the Complaint and, therefore, Defendant is entitled to dismissal of those claims under Federal Rule 12(b)(6).

**II.     STATEMENT OF RELEVANT FACTS**

**A.     THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO WARRANT A FINDING THAT DEFENDANT IS SUBJECT TO PERSONAL JURISDICTION IN OHIO**

Plaintiff has not pled sufficient facts establishing that this Court may exercise personal jurisdiction over Defendant. Instead, the Complaint is devoid of any factual allegations that could form the basis for a conclusion Defendant is subject to jurisdiction in Ohio.

Plaintiff accurately alleges that Defendant YCMG BRANDS, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida. (Doc. No. 1 ¶ 2.) Based on the United States Supreme Court's decision in

Case: 1:17-cv-00008-SJD Doc #: 12 Filed: 08/11/17 Page: 4 of 14 PAGEID #: 40

*Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011), those facts establish that Defendant is "at home" in Florida, not in Ohio, and preclude a finding that Defendant is subject to general personal jurisdiction in Ohio. The Complaint also is devoid of any allegations suggesting that Defendant engaged in any conduct **in Ohio** for which it could be liable on any theory; thus, no finding of specific jurisdiction is possible either. (*See generally* Doc. No. 1)

    **B.    PLAINTIFF'S TORT CLAIMS ARE DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIMS AND, THEREFORE, DO NOT STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff asserts claims for breach of contract, unjust enrichment, and claims sounding in tort, all arising from the same underlying facts and seeking the same damages. Plaintiff does not, however, assert or show that Defendant owed Plaintiff any duty other than those created by contract for Defendant to "provide [to Plaintiff] leasing, design, and construction services for the negotiation and execution of a lease and the subsequent design and construction of various businesses," or that Defendant breached any such duty, if it existed. (Doc. No. 1 ¶ 35).

Since Plaintiff's alleged tort claims arise from the same facts as its breach of contract claim, and Plaintiff's alleged damages in its tort claims are not distinct from the damages available under its alleged breach of contract claim, Plaintiff's tort claims fail to state a claim upon which relief can be granted, and should be dismissed.

**III.    <u>LAW AND ARGUMENT</u>**

    **A.    DEFENDANT IS NOT SUBJECT TO PERSONAL JURISDICTION IN OHIO**

Defendant is not subject to personal jurisdiction in Ohio and, therefore, it is entitled to dismissal under Federal Rule 12(b)(2). When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the Plaintiff ultimately bears the burden of proving the existence of jurisdiction over the defendant. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *Dahlhausen v. Aldred*, 187 Ohio App. 3d 536, 543, 932 N.E.2d 949, 954 (2010).

Plaintiff may not rely on the bare pleadings alone in order to withstand a defendant's motion to dismiss for lack of *in personam* jurisdiction. *Id*. Once the motion is made, Plaintiff must respond with actual proof, not mere allegations. *Id*. Based on Plaintiff's allegations in the Complaint, Plaintiff cannot establish that personal jurisdiction is proper here against Defendant.

A court may exercise personal jurisdiction over a defendant only when that exercise is consistent with the due process requirements of the United States Constitution. *Goodyear*, 564 U.S. at 922; *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 at 879-880 (2011). To satisfy the due process requirements, Plaintiff must prove that Defendant has "certain minimum contacts with [Ohio] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear*, 564 U.S. at 923, citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). The allegations in the Complaint do not satisfy that test.

In the United States Supreme Court's most recent decisions on the topic, the Court rejected findings of personal jurisdiction over corporations when exercising jurisdiction over those entities was unconstitutional. *Goodyear*, *supra*; *J. McIntyre*, *supra*; *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The Supreme Court clarified that the "fair play and substantial justice" component of the due process inquiry requires a showing of either general or specific personal jurisdiction that is constitutionally permissible. *See Goodyear*, 564 U.S. at 923-924 ("Endeavoring to give specific content to the 'fair play and substantial justice' concept, the Court in *International Shoe* classified cases involving out-of-state corporate defendants" as requiring a showing of either general or specific jurisdiction). Thus, in order to establish personal jurisdiction that satisfies constitutional requirements, Plaintiff must show that specific jurisdiction or general jurisdiction exists as to Defendant. Plaintiff has not, and cannot, make either showing.

3

### 1. General Jurisdiction Does Not Exist as to Defendant

General jurisdiction entails instances in which a corporation's "affiliations with [a] state are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Id*. at 919 (finding no factual basis to conclude that defendant business could be "fairly regarded as at home" in forum state). For a corporation, "home" is where it is incorporated or where it maintains its principal place of business. *Id.* at 924.; *J. McIntyre*, 564 U.S. at 880-881. Conversely, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre*, 564 U.S. at 880. As alleged in the Complaint, Defendant is "at home" only in Florida as it is organized and existing under the laws of the state of Florida, with its principal place of business in Florida.

In *Goodyear*, the Supreme Court held that a state court did not have jurisdiction over a corporation that was not a resident of that state based solely on allegations that the corporation manufactured products sold in that state. *Goodyear*, 564 U.S. at 919. The Court rejected the argument that the defendant placing products into the "stream of commerce" reaching that state constituted sufficient "continuous and systematic" contact to give rise to general jurisdiction. *Id*. at 920. Rather, general jurisdiction over a foreign corporation exists only in a jurisdiction "in which the corporation is fairly regarded as at home." *Id*. at 923-929.

Most recently, in *Daimler*, the Supreme Court reiterated that "*Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760. For a corporation, the Supreme Court once again emphasized that "the place of incorporation and principal place of business are paradigm…bases for general jurisdiction." *Id*. (internal quotations and citations omitted).

Here, of course, there are no allegations, nor can there be, that Defendant is "at home" in Ohio. In fact, the Complaint alleges that Defendant's principal place of business is Florida, while

4

the business relationship at issue was allegedly to take place in New York, New Jersey, and Kentucky (Doc. No. 1 ¶¶ 16, 17, 28, respectively). The Complaint merely asserts bare bones legal conclusions that Defendant transacts business within the State of Ohio and has contracted to supply services in this State.[1] (Doc. No. 1 ¶ 9.) Those allegations are patently false as explained in the Affidavit of Kim Nguyen, ("Nguyen Afft.") attached as Exhibit A. Moreover, while allegations of facts are to be taken as true on a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Kuykendoll v. Elkton*, 2016 WL 302196, (N.D. Ohio 2016), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Defendant is a Florida corporation with its principal place of business in Florida, and Plaintiff acknowledges as such in the Complaint. (Doc. No. 1 ¶ 2; *See also* Nguyen Afft. ¶ 3). Defendant has no office in Ohio, has no agent in Ohio, and does not sell any goods, services or otherwise conduct any business in Ohio. (*See* Nguyen Afft. ¶¶ 14-20, 26-27.) Thus, there is no basis to find general jurisdiction over Defendant in Ohio.

## 2. Specific Jurisdiction Over Defendant Does Not Exist in Ohio

Plaintiff likewise cannot establish specific jurisdiction. For specific jurisdiction to exist, the cause of action must arise out of or relate to the nonresident defendant's contacts with the state. "Specific jurisdiction…depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State…" *Goodyear*, 564 U.S. at 919. The U.S. Supreme Court affirmed that "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121 (internal quotations omitted). Thus, "[f]or a State to exercise jurisdiction consistent with due

---

[1] Plaintiff has not alleged any facts or theories pursuant to which business was done by YCMG BRANDS, LLC in Ohio.

process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. Importantly, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id*. at 1122.

Here, amongst an assortment of claims, Plaintiff has not alleged any specific conduct by Defendant that took place within the State of Ohio. In fact, no Defendant conduct took place in the State of Ohio, Defendant does not maintain any office in Ohio, and no manager, member or employee of the Defendant has ever been to Ohio. (*See* Nguyen Afft. ¶¶ 14-20, 26-27.)

While Plaintiff asserts the legal conclusion that Defendant caused injury in Ohio, Plaintiff does not identify a single factual contact by Defendant with Ohio related to the legal claims Plaintiff pursues. Instead, Plaintiff alleges there was an agreement to open a business in New York or New Jersey. (Doc. No. 1 ¶¶ 16-20, 21-26.) So, according to Plaintiff, the Defendant from Florida worked in New York and New Jersey to set up businesses, and these businesses were not successful. Those allegations do not allege any "activity or an occurrence that [took] place in" Ohio. *Goodyear*, 564 U.S. at 919 (internal quotations omitted). The obvious reality based on Plaintiff's Complaint is that Plaintiff's claims have nothing to do with Ohio.

While Defendant contends Plaintiff solicited Defendant in Florida to conduct business with Plaintiff, even if Defendant had solicited Plaintiff in Ohio, such action would not establish sufficient contact with the State of Ohio to establish jurisdiction over Defendant. The law in Ohio is clearly established, and provides that the mere solicitation of business by a nonresident defendant does not constitute transacting business in Ohio. See *U.S. Sprint Commc'ns Co. P'ship v. Mr. K's Foods, Inc*. 68 Ohio St.3d 181, 624 N.E.2d 1048 (1994). Nor does the mere fact that parties engage in various communications incident to their transaction. See *Buflod v. Von Wilhendorf, LLC,* 2007 WL 210790. Instead, as the United States Supreme Court has stated, in

order to obtain personal jurisdiction a nonresident's ties must "create a 'substantial connection' with the forum State." *U.S. Sprint Commc'ns*, 68 Ohio St.3d at 185, citing *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 542 (1985).

In *Wainscott v. St. Louis–San Francisco Ry. Co.,* 47 Ohio St.2d 133, 1 O.O.3d 78, 351 N.E.2d 466 (1976), the Ohio Supreme Court adopted the "mere solicitation doctrine" set forth in *Green v. Chicago, B & Q R Co*, 205 U.S. 530, 27 S. Ct. 595, 51 L. Ed. 916 (1907) and its progeny. The *Wainscott* Court held that, even where the defendant railroad corporation had leased two offices in the State of Ohio and used such offices only for the purpose of soliciting in Ohio freight traffic to be carried over the defendant's out-of-state railroad lines, the defendant did not have the necessary minimum contacts with Ohio to justify the exercise of in personam jurisdiction.

In *Green*, the Supreme Court found solicitation of business in the State of Ohio was not enough to support jurisdiction over the defendant, stating the requirement that there must be continuous corporate operations within a state which are substantial and of such a nature as to justify suit against the corporation within that state. The Court in *Green* stated as follows:

> The business shown in this case was, in substance, nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it. This view accords with several decisions in the lower Federal courts.

*Green v. Chicago, B & Q R Co*, 205 U.S. 530, 533–34, 27 S. Ct. 595, 596, 51 L. Ed. 916 (1907).

In the present case, Defendant does not have any office within the State of Ohio and none of its managers, employees or agents have ever been within the State of Ohio. (*See* Nguyen Afft. ¶¶ 26, 27.) The transactions which are the subject matter of this action relate to businesses that were to be established in New York or New Jersey. None of the acts or services alleged to have

7

been promised or performed took place or were to take place in the State of Ohio. As Plaintiff has not alleged any conduct by Defendant that occurred in Ohio, specific jurisdiction over Defendant does not exist.

Therefore, because Defendant is not subject to either general or specific jurisdiction in this Court, it is entitled to dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### B. PLAINTIFF'S TORT CLAIMS DO NOT STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

The underlying cause of action consists of several theories, including breach of contract, unjust enrichment and several tort theories. As shown by the Complaint, Plaintiff improperly attempts to convert its claims arising from an alleged breach of contract into claims arising in tort by using the phrase "negligent misrepresentation" based on the same alleged facts and seeking the same relief. Since Plaintiff's alleged tort claims arise from the same facts as its breach of contract claim, and Plaintiff's alleged damages in its tort claims are not distinct from the damages available under its alleged breach of contract claim, Plaintiff's tort claims fail to state a claim upon which relief can be granted, and should be dismissed.

Ohio law provides that "'the existence of a contract action excludes the opportunity to present the same case as a tort claim.'" *Textron Fin. Corp. v. Nationwide Mit. Ins. Co.,* 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) (quoting *Wolfe v. Cont'l Cas. Co.,* 647 F.2d 705, 710 (6th Cir. 1981)). Thus, Ohio law includes *two rules* that must each be met in order to pursue tort claims in the face of a contract. First, a tort claim must be based on a breach of "a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp.,* 684 N.E.2d at 1270, citing *Battista v. Leb. Trotting Ass'n,* 538 F.2d 111, 117 (6th Cir. 1976). Second, "[i]n addition to containing a duty independent of that created by contract, an action arising out of contract which is also based upon tortious conduct must

8

include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of the contract." *Textron Fin. Corp.,* 684 N.E.2d at 1271(citing *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.,* 656 F. Supp. 49, 63 (S.D. Ohio 1986)); *see also Parma Cmty. Gen. Hosp. v. Premier Anesthesia of Parma,* No. 1:09-cv-325, 2011 U.S. Dist. 2011 WL 400054, at *5 (N.D. Ohio Feb. 4, 2011) (Nugent, J.) ("[C]laims for fraud are not permitted when the damages resulting from the alleged fraud are not distinct from the damages available under a breach of contract claim."). These two rules apply to all tort claims – including claims for fraud, fraudulent inducement, and negligent misrepresentation. *See Textron Fin. Corp.,* 684 N.E.2d at 1270-72 (applying the rules to hold that fraud and negligent misrepresentation claims should have been dismissed by trial court); *Phelps v. MacConnell,* No. 3:12-cv-00344, 2014 U.S. Dist. 2014 WL 3809806, at *9-10 (S.D. Ohio Aug. 1, 2014) (applying the rules to dismiss a variety of tort claims including fraudulent inducement and negligent misrepresentation).

  The essential factual allegation upon which Plaintiff bases its case is simple. Plaintiff asserts that Defendant entered into oral agreements with Plaintiff, pursuant to which Defendant agreed to provide leasing, design, and construction services for the negotiation and execution of a lease and the subsequent design and construction of various businesses, including "Spa 11" and "Yo Belle." (Doc. No. 1 ¶ 35). Plaintiff further asserts that, under the terms of the oral agreements, Plaintiff paid Defendants a total amount of $233,195.00 for Defendant's services, thereby performing Plaintiff's duties and obligations under the alleged oral agreements, and that the Defendants did not provide Plaintiff with the contracted services or deliver the promised leases or businesses to Plaintiff, damaging Plaintiff. (Doc. No. 1 ¶¶ 36, 37). This is a breach of contract allegation. Plaintiff also makes claims for fraudulent inducement and fraud arising from

9

the same facts as Plaintiff's alleged breach of contract claim and resulting in the same damages attributable to Plaintiff's alleged breach of contract.

Plaintiff's tort claims are not based on Defendant's alleged breach of "a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp.,* 684 N.E.2d at 1270. To the extent that Plaintiff seeks to assert tort claims based on the representation that Defendant had knowledge, expertise, experience, and business connections to negotiate and enter into commercial leases with shopping malls and to design and construct shops and restaurants in such shopping malls of a certain nature that would result in a successful venture or undertaking by Plaintiff, those claims are barred under Ohio law. The oral contract, as alleged by Plaintiffs, was based on Defendant's ability to provide leasing, design, and construction services for the negotiation and execution of a lease and the subsequent design and construction of various businesses. Any duty relating to the provision of these services would mirror Defendant's duty to perform as required under the contract. Therefore, any tort claims arising out of Defendant failure to provide leasing, design, and construction services for the negotiation and execution of a lease and the subsequent design and construction of various businesses must be dismissed in favor of Plaintiff's possible recovery under the contract. *Phelps v. MacConnell,* 2014 U.S. Dist. 2014 WL 3809806, at *9-10.

Plaintiff's tort claims arising out of contract do not include actual damages attributable to the wrongful acts of Defendant which are in addition to those attributable to Plaintiff's alleged breach of the contract." *Textron Fin. Corp.,* 684 N.E.2d at 1271. Plaintiff's complaint describes the amount of money Plaintiff sent to Defendant under the alleged oral contract, $233,195.00. (Doc No. 1 ¶ 36). However, Plaintiff does not state with particularity any other damages it sustained as a result of Defendant's alleged fraud or fraudulent inducement, or how these unspecified damages are different than those damages arising under the breach of contract claim.

(Doc No. 1 ¶ 47, 53). Simply stating that other damages exist without showing those damages does not make it so, just as the addition of the adverbs "knowingly" and "recklessly" to Plaintiff's alleged breach of contract claim do not change the nature of the cause of action to a tort claim. See Ketcham v. Miller, 104 Ohio St. 372, 136 N.E. 145, 146-147 (1922). Plaintiff has not shown that the damages it seeks relating to its tort claims are not the same damages available for or implicated by Plaintiff's breach of contract action. Therefore, Plaintiff's tort claims are not permitted because the damages allegedly resulting from Plaintiff's tort claims are not distinct from the damages that would be available if Plaintiff prevailed on its breach of contract claim. *Parma Cmty. Gen. Hosp. v. Premier Anesthesia of Parma,* 2011 WL 400054, at *5.

As in *Textron v. Nationwide*, a claim for breach of contract cannot be converted into a tort by describing the breach as fraudulent or negligent, or with any other words from the law of torts. The action remains one for breach of contract. Plaintiff's allegations are that Defendant agreed with Plaintiff to negotiate and enter into a commercial lease with shopping malls and to design and construct shops and restaurants, and breached the agreement by failing to procure the lease. Plaintiff recharacterizes this same alleged breach of contract as a tort by alleging that Defendant misrepresented that it had sufficient knowledge, expertise and business connections to negotiate and enter into a commercial lease. Since Defendant did not allegedly breach a duty owed separately from that created by the alleged oral contract, and Plaintiff seeks to recover the same damages in tort that Plaintiff would be entitled to recover in a breach of contract action, Plaintiff's tort claims fail under Ohio law and should be dismissed.

## IV. CONCLUSION

Defendant YCMG BRANDS, LLC is not subject to the personal jurisdiction of this Court. Further, Plaintiff's tort claims are barred under Ohio law. For the foregoing reasons,

Defendant is entitled to a dismissal of this lawsuit under Federal Rule 12(b)(2) and Federal Rule 12(b)(6).

          Respectfully submitted,

          <u>*/s/ Frederic X. Shadley*</u>
          Frederic ("Fritz") X. Shadley (0028584)
          Ulmer & Berne LLP
          600 Vine Street, Suite 2800
          Cincinnati, Ohio  45202-2409
          (513) 698-5014/Fax: (513) 698-5015
          (513) 698-5104/Fax: (513) 698-5105
          fshadley@ulmer.com
          ***Trial Attorney for Defendant YCMG BRANDS, LLC***