IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dong Hua Wang, | : | Case No. 1:17-cv-0008 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Order Granting Motion to Dismiss as to YCMG Brands, LLC and Dismissing Other Defendants for Lack of Service of Process |
| YCMG Brands, LLC, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on Defendant YCMG Brands, LLC's Motion to Dismiss. (Doc. 12.) Plaintiff Dong Hua Wang filed this action against Defendants YCMG Brands, LLC, YCMG RE Holdings, LLC, Kimoanh Nguyen, and Jimmy Nguyen following never-completed business transactions to recover sums he deposited with Kimoanh Nguyen. Defendant YCMG Brands, the only Defendant to have been properly served with the Complaint, now moves for dismissal based on lack of personal jurisdiction. For the reasons that follow, the Court will **GRANT** the Motion to Dismiss. The Court also will dismiss the other Defendants, YCMG RE Holdings, Kimoanh Nguyen, and Jimmy Nguyen, for lack of service of process.

I.  BACKGROUND

A.  **Complaint Allegations**

The well-pleaded factual allegations in Wang's Complaint are taken as true for purposes of the pending motion. Wang is an Ohio resident. Defendants YCMG Brands and YCMG RE Holdings are domiciled and have their principal places of business in Florida. Defendants Kimoanh Nguyen, and Jimmy Nguyen, residents of Florida, are stockholders and employees of YCMG Brands and YCMG RE Holdings. (Doc. 1 at PageID 2.) For clarity, Kimoanh Nguyen is referred to herein as Kimoanh Nguyen or as Nguyen. Jimmy Nguyen, who is not alleged to

1

have participated directly in the relevant events, always is referred to as Jimmy Nguyen. Wang alleges that Defendants transacted business and contracted to supply services in Ohio, but as set forth below, Wang alleges no facts in the Complaint to support these conclusory allegations. (*Id.* at PageID 3.)

Wang and Kimoanh Nguyen have been business partners since 2012. Between March 2013 and November 2013, Nguyen contacted Wang about numerous commercial leasing opportunities, all of which required Wang to pay fees in advance. (*Id.* at PageID 4.) In March 2013, Nguyen, doing business as "YCMG, LLC," proposed a yogurt kiosk store at a mall in Elmhurst, New York that required Wang to deposit $35,000 with Nguyen. Wang wired the money to Nguyen. (*Id.*) In June 2013, Nguyen, again doing business as "YCMG, LLC," proposed a nail salon business at a mall in New Jersey that required Wang to deposit a $20,000 leasing fee. Wang paid the fee by direct deposit. (*Id.*) Wang deposited an additional $55,000 for "key money" with Nguyen between June 25, 2013 and July 11, 2013 for the nail salon. (*Id.*) The nail salon project fell through in October 2013, but, instead of returning the deposited funds to Wang, Nguyen transferred the $75,000 to the yogurt kiosk store. (*Id.* at PageID 5.) In November 2013, Nguyen, again doing business as "YCMG, LLC," required Wang to pay a "turnkey" fee of $175,000 for the yogurt kiosk store. (*Id.*) Wang transferred an additional $84,000 to Nguyen between November 21, 2013 and December 26, 2013. In total, Wang deposited $194,000 with Nguyen through the end of 2013. (*Id.*)

On or about December 20, 2013, Nguyen forwarded a lease agreement for the yogurt kiosk store to Wang for review. Wang accepted the proposed lease. (*Id.*) Construction on the yogurt kiosk allegedly began in January 2014. (*Id.*) However, Wang was required to pay an additional $39,195 in February 2014 for unspecified construction problems, bringing the total he

had deposited to $233,195. (*Id.* at PageID 6.) In October 2014, Nguyen told Wang that the landlord had terminated the yogurt kiosk lease and paid $50,000 in compensation for the lease termination. (*Id.*) Wang did not receive any part of that compensation from the landlord or from Defendants, despite making demands for a return of the $233,195 he deposited with Nguyen. (*Id.*) Nguyen promised in December 2014 to seek out opportunities for Wang at a mall in Florence, Kentucky using the $233,195 already deposited. (*Id.*) However, up to the date of the Complaint, Nguyen had not secured any leases or developed any businesses for Wang, nor reimbursed Wang the $233,195 he had deposited. (*Id.*)

At all relevant times, Nguyen acted in the course and scope of her employment with YCMG Brands and YCMG RE Holdings. (*Id.*) Jimmy Nguyen was married to and acted in concert with Kimoahn Nguyen. (*Id.* at PageID 7.)

**B.      Procedural History and Failure of Service of Process**

Wang initiated this action on January 4, 2017. (Doc. 1.) He asserted claims for (1) breach of contract, (2) fraudulent inducement, (3) fraud, (4) unjust enrichment, (5) "civil remedies for criminal practices" pursuant to Florida Statute Sections 772.11 and 812.14, (6) vicarious liability, (7) piercing the corporate veil/alter ego, and (8) punitive damages. (*Id.* at PageID 7–14.)

Wang did not serve the named Defendants with a summons and a copy of the Complaint within 90 days after the Complaint was filed. Rule 4(m) of the Federal Rules of Civil Procedure states that if a defendant is not timely served, then the court must dismiss the action without prejudice or grant the plaintiff further time to effect service. Therefore, the Court issued an Order on June 19, 2017 directing Wang to show cause by July 5, 2017 why the case should not be dismissed pursuant to Rule 4(m). (Doc. 3 at PageID 20.) In response, Wang prepared a

summons on June 30, 2017 as to YCMG Brands and Kimoanh Nguyen only, and he filed a Response brief with the Court. (Docs. 4, 5.) Wang never prepared a summons as to YCMG RE Holdings or Jimmy Nguyen. The summons was returned executed on July 6, 2017 only as to YCMG Brands. (Doc. 7 at PageID 27.) Wang's failure to obtain service on YCMG RE Holdings, Kimoanh Nguyen, and Jimmy Nguyen prevents the Court from exercising jurisdiction over them. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (applying Fed. R. Civ. P. 4). Accordingly, the Court dismisses the claims against YCMG RE Holdings, Kimoanh Nguyen, and Jimmy Nguyen pursuant to Rule 4(m).[1]

YCMG Brands filed the pending Motion to Dismiss for lack of personal jurisdiction on August 11, 2017. Wang opposes dismissal. The matter is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS FOR MOTION TO DISMISS FOR LACK OF JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to move for dismissal based on lack of personal jurisdiction. The plaintiff bears the burden of proving that the court can exercise personal jurisdiction over the defendant. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). When a district court exercises its discretion to hold an evidentiary hearing on the jurisdiction issue, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). On the other hand, where facts are disputed and the district court bases its decision solely on the basis of written submissions without an evidentiary hearing, then "the plaintiff's burden is solely to make a *prima facie* showing that jurisdiction exists." *Stolle Mach. Co., LLC v. RAM Precision Indus.*,

---

[1] Even if Plaintiff had properly obtained service against YCMG RE Holdings, Kimoanh Nguyen, or Jimmy Nguyen, the Court would not be able to exercise personal jurisdiction over them for the same reasons it cannot exercise personal jurisdiction over YCMG Brands.

4

605 F. App'x 473, 479–80 & n.5 (6th Cir. 2015). "Under these circumstances, this court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citations omitted).

## III. ANALYSIS

### A. Personal Jurisdiction Overview

A district court's exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Ohio's long-arm statute, Ohio Revised Code § 2307.382, does not extend to the constitutional limits of the Due Process Clause. *Calphalon Corp.*, 228 F.3d at 721; *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541, 545 n.1 (1994). "[T]he analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012).

To satisfy the Due Process Clause, a defendant must have had "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted). A defendant's contacts with the forum state can give rise to either general or specific jurisdiction. YCMG Brands asserts that the Court has neither general nor specific jurisdiction over it. The Court agrees, and because the Court cannot exercise personal jurisdiction over YCMG Brands consistent with due process, the Court need not determine whether it would have been able to exercise jurisdiction under Ohio's long-arm statute.

5

## B. General Jurisdiction

The Supreme Court fairly recently expounded on the boundaries of general jurisdiction over corporations. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 754 (2014) (quoting *Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Supreme Court emphasized that this standard has two parts: (1) in-forum contacts that are continuous and systematic and (2) the continuous and systematic contacts render the corporation at home in the forum. *Id.* at 761. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924; *see also Daimler*, 134 S. Ct. at 760 (quoting *Goodyear*). The place of incorporation and the principal place of business are the primary bases for general jurisdiction for corporations, bases that "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Daimler*, 134 S. Ct. at 760. "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 & n.19 (internal citation omitted).

Wang has not established a prima facie case of general jurisdiction over YCMG Brands. As recited earlier, Defendants Kimoanh Nguyen and Jimmy Nguyen are residents of Florida, and Defendant YCMG Brands and YCMG RE Holdings are both domiciled and have their principal places of business in Florida. Therefore, district courts in Florida could exercise general

jurisdiction over Defendants. *See Daimler*, 134 S. Ct. at 760. Wang has alleged no facts in the Complaint, however, suggesting that YCMG Brands has such substantial operations in Ohio to render the company "essentially at home" in Ohio. *Id.* at 754, 761 & n.19. The Court cannot exercise general jurisdiction over Defendant YCMG Brands based on the Complaint allegations.

**C.     Specific Jurisdiction**

The Supreme Court also recently explained the governing principles of specific jurisdiction as follows:

> Specific jurisdiction is very different [than general jurisdiction]. In order for a state court to exercise specific jurisdiction, the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotations and citations omitted) (emphasis in the original).

The Sixth Circuit applies the following three-prong test for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016) (citation omitted). "[M]ore than mere but-for causation is required to support a finding of [specific] personal jurisdiction." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507 (6th Cir. 2014). "[O]nly consequences that proximately result from a party's contacts with a forum state will give rise to jurisdiction." *Id.* at 508. "[I]t is axiomatic that, in assessing a defendant's relationship with a given forum, the Court must evaluate the defendant's contacts at the time of

7

the alleged wrongdoing." *Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10-CV-155, 2011 WL 6293323, at *4 (S.D. Ohio Dec. 15, 2011), *aff'd*, 605 F. App'x 473.

The Supreme Court examined the minimum contacts necessary to create specific jurisdiction in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). It stated that the "inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Id.* at 1121 (internal quotation and citation omitted). It instructed that the district court must focus on the defendant's, and not the plaintiff's, contacts with the forum state. 134 S. Ct. at 1119, 1122. "[A] plaintiff's contacts with the forum State cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 1122 (internal quotation and citation omitted). The Supreme Court also instructed that the district court must examine "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1119. That is, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* It follows that a plaintiff's injury is "jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* at 1125.

Wang failed to establish that Defendants had minimal contacts with Ohio upon which specific jurisdiction can be based. Wang alleges in conclusory fashion that each Defendant transacts business in Ohio and has contracted to supply services in Ohio, but he sets forth no facts indicating that any of the Defendants had a single direct contact with Ohio. At best, Wang, an Ohio resident, alleges that Nguyen, on behalf of YCMG Brands, communicated with and accepted money from him. However, the mere facts that a plaintiff resides and suffered an injury in the forum state are not sufficient to establish jurisdiction over a non-resident defendant. *See Walden*, 134 S. Ct. at 1122. The proposed business ventures between Wang and Nguyen that are

the subject of the Complaint were to take place in New York, New Jersey, and Kentucky. These alleged facts do not establish that YCMG Brands purposefully availed itself of the privilege of acting in Ohio, that the claims arise from YCMG Brand's contacts or activities in Ohio, or that it would be reasonable for this Ohio-based Court to exercise jurisdiction over YCMG Brands. *See AlixPartners*, 836 F.3d at 549–50 (stating three-prong test). The Court concludes that Wang failed to plead in the Complaint even a prima facie case of specific jurisdiction over YCMG Brands.

**D.     Additional Allegations in Wang's Declaration**

Wang attempts to bolster the Complaint allegations and state a prima facie case of personal jurisdiction by filing a sworn Declaration. (Doc. 13-1.) He states that YCMG Brand's website advertises its services to develop stores throughout the United States. (*Id.* at PageID 76.) However, he acknowledges that he was introduced to Nguyen through an acquaintance. (*Id.* at PageID 75.) He states that Nguyen, acting as YCMG Brands, convinced him in March 2013 that she had the experience and contacts with landlords and shopping centers necessary to provide him with a "turnkey" business to operate and that such business could be located anywhere in the United States. (*Id.*) Wang further states that Nguyen, on behalf of YCMG Brands, offered him a business at Tanger Outlets in Columbus, Ohio in 2013 and separate businesses at Cincinnati Premium Outlet Mall, Tri-County Mall, and Liberty Center Mall in Cincinnati, Ohio in 2014. (*Id.* at PageID 76.) Finally, he asserts that Nguyen requested that he provide personal financial information from two Ohio residents so she could solicit them as possible investors and guarantors for leasing opportunities. (*Id.*)

These new allegations of fact still fail to establish a prima facie case of general or specific jurisdiction over YCMG Brands in Ohio. Regarding general jurisdiction, discussions about

9

potential business opportunities in Ohio do not render YCMG Brands "essentially at home" in Ohio. *Daimler*, 134 S. Ct. at 754, 761. As to specific jurisdiction, the new allegations do not suggest that the claims against YCMG Brands arise from any contacts with Ohio. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (reiterating the necessity that the action arise from the defendant's contacts with the forum). Wang asserts facts suggesting that Nguyen, on behalf of YCMG Brands, offered to facilitate leasing projects for Wang at four shopping centers in Ohio. However, Wang does not assert that Nguyen misled him as to these Ohio project proposals, that he accepted these project proposals from Nguyen, or that he deposited any money with Nguyen to facilitate the Ohio projects that Nguyen failed to return. Finally, neither general nor specific jurisdiction can be based solely on the operation of a passive website that provides information to persons who happen to reside in Ohio, as opposed to targeting persons who live in Ohio. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002). As such, Wang has failed to establish that his claims arise from activities in Ohio, and therefore, failed to establish a prima facie case of specific jurisdiction.[2]

The Court concludes that it cannot exercise personal jurisdiction over YCMG Brands consistent with due process.

---

[2] Though not necessary to the analysis, the Court notes that YCMG Brands supports its Motion to Dismiss with two Affidavits by Nguyen. Nguyen asserts that YCMG does not own property or have any offices, employees, or agents in Ohio. (Nguyen Aff., Doc. 12 at PageID 54; Nguyen Supp. Aff., Doc. 16 at PageID 98.) She states that YCMG Brands does not transact business in Ohio and has never placed an advertisement in Ohio. (Nguyen Aff., Doc. 12 at PageID 54; Nguyen Supp. Aff., Doc. 16 at PageID 98.) Because these asserted facts do not contradict any facts asserted by Wang, the Court does not need to hold an evidentiary hearing to consider them. Nguyen also asserts that she and Wang negotiated the nail salon and yogurt kiosk deals in Florida. (Nguyen Supp. Aff., Doc. 16 at PageID 100.) This contradicts the inference arising from in the Complaint that Wang negotiated the deals in Ohio because he is an Ohio resident. However, as explained in the text above, the fact that YCMG Brands, through Nguyen, entered into a business relationship with an Ohio resident does not, standing alone, confer jurisdiction over YCMG Brands in Ohio.

## IV. CONCLUSION

For the foregoing reasons, Defendant YCMG Brands, LLC's Motion to Dismiss (Doc. 12) is hereby **GRANTED**. YCMG Brands is dismissed for lack of personal jurisdiction. Additionally, YCMG RE Holdings, Kimoanh Nguyen, and Jimmy Nguyen are dismissed for lack of service of process.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2017.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge